Corey Lee, Esq.
C.T. LEE & ASSOCIATES
225 Broadway, Suite 3005
New York, NY 10007
212-566-5509
coreyleelaw@coreyleelaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| HECTOR GARCIA ORTIZ, | Index No.: 15 CV 2206 |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | **JURY TRIAL REQUESTED** |
| THE CITY OF NEW YORK, POLICE OFFICER EDWIN, VASQUEZ AND POLICE OFFICER STEPHANIE HANNA, | |
| Defendants. | |

Plaintiff, by his new attorney, C.T. LEE & ASSOCIATES, complaining of Defendants, alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution. Plaintiff also asserts claims under New York law.

## JURISDICTION

2. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

3. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 USC § 1367.

COMPLAINT - 1

**JURY TRIAL DEMANDED**

4. Plaintiff demands trial by jury of all issues properly triable thereby.

**VENUE**

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

6. Plaintiff HECTOR GARCIA ORTIZ is a United States citizen and a citizen of the City and State of New York.

7. That at all times herein mentioned, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times herein mentioned, defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

9. That at all times herein mentioned, defendant Police Officers EDWIN VASQUEZ and STEPHANIE HANNA are NYPD officers employed by defendant CITY.

10. That at all times herein mentioned, defendant Police Officer EDWIN VASQUEZ was acting within the course and scope of his employment with defendant CITY.

11. That at all times herein mentioned, defendant Police Officer EDWIN VASQUEZ was acting under color of state law.

12. That at all times herein mentioned, defendant Police Officer STEPHANIE HANNA was acting within the course and scope of her employment with defendant CITY.

COMPLAINT - 2

13. That at all times herein mentioned, defendant Police Officer STEPHANIE HANNA was acting under color of state law.

14. These defendants are intended to be the law enforcement personnel involved in the detention, searches, arrest, and imprisonment of plaintiff.

15. That defendants Police Officer EDWIN VASQUEZ and Police Officer STEPHANIE HANNA are sued herein in both their individual and official capacities.

16. That at all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

17. At all relevant times herein, the individual defendants acted jointly and in concert with each other.

18. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

19. The facts stated in this complaint are based, inter alia, on the personal knowledge of plaintiff regarding events in which he was directly involved and upon information and belief. The sources of "information and belief" factual statements are primarily documents from the underlying criminal prosecution and related public documents which are currently available to plaintiff. Those sources are incomplete, particularly, without limitation, as to numerous documents and court exhibits. This complaint is drawn without the benefit of full discovery proceedings.

COMPLAINT - 3

20. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

21. On June 1, 2014 at approximately 4:30 p.m., near the corner of St. Nicholas Avenue and 112th Street, New York, NY 10026, plaintiff was falsely arrested by defendants.

22. Plaintiff was lawfully present on the sidewalk when defendants made this arrest.

23. As plaintiff walked by defendants, defendants stopped plaintiff by seizing his hand, kicking his left knee, and viciously assaulted him without cause or legal authority.

24. Defendants then violently threw plaintiff to the ground.

25. Plaintiff, while on the ground, was subsequently handcuffed by defendants.

26. Defendants never communicated to plaintiff the reason why he was being arrested.

27. Plaintiff was then taken to a St. Luke's and was released by defendants after they accompanied him to the hospital.

28. Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

29. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of earnings, loss of enjoyment of life, loss of liberty, severe physical injuries, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, economic loss, and deprivation of his constitutional rights.

30. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

COMPLAINT - 4

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(False Arrest/Imprisonment Claim Under 42 U.S.C. § 1983)**

31. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

32. Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized plaintiff, forcibly put plaintiff into handcuffs, placed plaintiff under arrest without any reasonable cause to believe that plaintiff had committed, was committing, or was about to commit any offense, and caused plaintiff to be imprisoned and incarcerated at various facilities, and thereby deprived plaintiff of his rights, liberties, and freedoms under color of state law, including plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Excessive Force Claim Under 42 U.S.C. § 1983)**

33. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

34. Defendants, acting in concert and within the scope of their employment and authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Failure-to-Intervene Claim Under 42 U.S.C. § 1983)**

35. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

COMPLAINT - 5

36. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## **Supplemental State Law Claims**

37. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

38. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with defendant CITY OF NEW YORK a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

39. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to defendant CITY. And defendant CITY has wholly neglected or refused to make an adjustment or payment thereof.

40. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

41. Plaintiff has complied with all conditions precedent to maintaining the instant action.

42. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

COMPLAINT - 6

**FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
(False Arrest/Imprisonment Claim Under New York Law)

43. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

44. Defendants, acting in concert and within the scope of their employment and authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

45. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
(Assault Claim Under New York Law)

46. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47. Defendants, acting in concert and within the scope of their employment and authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

48. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
(Battery Claim Under New York Law)

49. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

50. Defendants, acting in concert and within the scope of their employment and authority, made offensive contact with plaintiff without privilege or consent.

COMPLAINT - 7

51. Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

### SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
**(Intentional Infliction of Emotional Distress)**

52. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

53. Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct which was extreme, outrageous, shocking and which exceeded all reasonable bounds of decency.

54. Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

55. Defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

### SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
**(Negligent Infliction of Emotional Distress)**

56. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

57. Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct in a manner that was careless and negligent as to the emotional health of plaintiff.

58. Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

COMPLAINT - 8

## EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Negligence / Gross Negligence)

59. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

60. That the aforesaid incident and resulting injuries to plaintiff were due to the negligence and/or gross negligence of defendants, and each of them, in the manner in which they performed their duties as officers of the NYPD; in failing to exercise reasonable care in connection with the performance of their duties; in failing adequately to evaluate the situation confronting them; and in otherwise being negligent and/or grossly negligent.

61. That the aforementioned incident and injuries to plaintiff were caused solely and wholly by reason of the recklessness, carelessness, and negligence and/or gross negligence of defendants herein and without any negligence on the part of plaintiff contributing thereto.

62. Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

*   *   *

COMPLAINT - 9

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all the defendants:

    a.     Compensatory damages in an amount to be determined at trial;

    b.     Punitive damages in an amount to be determined at trial;

    c.     Attorney's fees pursuant to 42 U.S.C. § 1988;

    d.     An award of plaintiff's costs of suit;

    e.     Pre-judgment and post-judgment interest;

    f.     Such other relief as this Court deems just and proper.

Dated: New York, New York
       March 18, 2016

                                    Respectfully submitted,

                                    C.T. LEE & ASSOCIATES

                          By: _____
                                    Corey Lee [CL 1225]
                                    225 Broadway, Suite 3005
                                    New York, NY 10007
                                    (212) 566-5509
                                    coreyleelaw@coreyleelaw.com

                                    *Attorneys for Plaintiff*

COMPLAINT - 10