```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
HECTOR GARCIA ORTIZ,                   :          15cv2206(DLC)
                                       :
                  Plaintiff,           :          OPINION AND ORDER
       -v-                             :
                                       :
THE CITY OF NEW YORK, POLICE OFFICER   :
EDWIN VASQUEZ, AND POLICE OFFICER      :
STEPHANIE HANNA,                       :
                                       :
                  Defendants.          :
                                       :
-------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Ameer N. Benno
Benno & Associates, P.C.
110 Wall Street, 11th Floor
New York, NY 10005

Corey T. Lee
Law Offices of Corey T. Lee, PLLC
35 East Broadway
New York, NY 10002

For the defendants:
Melanie Mary Speight
Zachary W. Carter
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

     On June 1, 2014, New York City police officers Edwin

Vazquez ("Vazquez) and Stephanie Hanna ("Hanna") transported

Hector Ortiz ("Ortiz") to the hospital.  The officers assert

Ortiz was intoxicated and unable to care for himself.  Ortiz

admits that he consumed "about six or seven beers" that night, but denies that he was intoxicated or appeared intoxicated.

Ortiz filed this action on March 24, 2015, and seeks to recover damages from Vazquez, Hanna, and the City of New York (the "City").[1]  Following the close of discovery, the defendants moved for summary judgment on the following claims in the amended complaint: (1) false arrest and imprisonment in violation of 42 U.S.C. § 1983 and New York law; (2) use of excessive force by Hanna in violation of 42 U.S.C. § 1983; and (3) negligence and gross negligence.  The defendants do not move for summary judgment as to the excessive force claim against Vazquez or as to the New York law assault and battery claims.  The motion became fully submitted on October 31, 2016.  For the following reasons, the motion is granted in part.

## Discussion

Summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Summary

---

[1] The complaint was amended on March 21, 2016 to include Vazquez and Hanna as defendants, and to remove various claims under 42 U.S.C. § 1983, including Monell municipal liability, equal protection, and malicious abuse of process.  On July 6, the parties stipulated to dismissal with prejudice of Ortiz's claims for intentional and negligent infliction of emotional distress as against all defendants.

judgment is appropriate where the record taken as a whole could
not lead a rational trier of fact to find for the non-moving
party." <u>Smith v. Cty. of Suffolk</u>, 776 F.3d 114, 121 (2d Cir.
2015) (citation omitted).  Only disputes over material facts --
"facts that might affect the outcome of the suit under the
governing law" -- will properly preclude the entry of summary
judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248
(1986).

### I.   False Arrest and Imprisonment

Ortiz alleges false arrest and imprisonment in violation of
42 U.S.C. § 1983 against Hanna and Vazquez and in violation of
New York law against all defendants.  The defendants concede
that plaintiff "was seized within the meaning of the Fourth
Amendment when Officers Hanna and Vasquez secured him in
handcuffs," but argue that the seizure was authorized by New
York Mental Hygiene Law § 22.09.

"To avoid liability for a claim of false arrest, an
arresting officer may demonstrate that either (1) he had
probable cause for the arrest, or (2) he is protected from
liability because he has qualified immunity." <u>Simpson v. City
of New York</u>, 793 F.3d 259, 265 (2d Cir. 2015).  "Probable cause
is determined on the basis of facts known to the arresting
officer at the time of the arrest." <u>Shamir v. City of New York</u>,
804 F.3d 553, 557 (2d Cir. 2015) (citation omitted).

Under New York's Mental Hygiene Law, "[a] person who appears to be incapacitated by alcohol and/or substances to the degree that there is likelihood to result in harm to the person or to others may be taken by . . . a police officer . . . to a treatment facility for purposes of receiving emergency services."  N.Y. Mental Hyg. Law § 22.09(b)(2).  A person is "incapacitated" if he or she "as a result of the use of alcohol and/or substances, is unconscious or has his or her judgment otherwise so impaired that he or she is incapable of realizing and making a rational decision with respect to his or her need for treatment."  Id. § 22.09(a)(2).  A seizure under this New York statute is subject to "the same objective reasonableness standard that is imposed by the Fourth Amendment."  Kerman v. City of New York, 374 F.3d 93, 100 (2d Cir. 2004).  "A warrantless seizure for the purpose of involuntary hospitalization may be made only upon probable cause, that is, only if there are reasonable grounds for believing that the person seized is dangerous to herself or to others."  Anthony v. City of New York, 339 F.3d 129, 137 (2d Cir. 2003) (citation omitted).

As the defendants acknowledge, they and Ortiz have provided dramatically different descriptions of Ortiz's appearance and actions at the time of the seizure.  The defendants report that they found Ortiz lying on the ground and unconscious after a

pedestrian alerted them to the situation.  Ortiz contends that
the officers seized him after he walked by them and waved at
them.  The defendants argue that summary judgment may
nonetheless be granted because it is undisputed that the
defendant had been drinking, and at the hospital he was
diagnosed with, inter alia, "alcohol intoxication."  This
evidence is not sufficient, however, to establish that Ortiz
appeared incapacitated at the time the officers seized him.  If
a jury credits Ortiz's version of events, it would be entitled
to find that there was no probable cause to seize Ortiz.

The defendants also argue that Vazquez and Hanna are
entitled to qualified immunity.  "An officer is entitled to
qualified immunity against a suit for false arrest if he can
establish that he had arguable probable cause to arrest the
plaintiff."  Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015)
(citation omitted).  But, the same disputes of fact that prevent
summary judgment on the false arrest claim prevent a finding of
qualified immunity.

The defendants also argue that Vazquez, Hanna, and the City
are entitled to governmental immunity with respect to the
seizure of Ortiz.  A plaintiff may not recover against a
municipality or its employees for negligence if the public
employees are acting in a governmental capacity at the time the
claim arose, unless the municipality owed a special duty to the

injured party.  Velez v. City of New York, 730 F.3d 128, 134-35
(2d Cir. 2013).  This doctrine "reflects separation of powers
principles and is intended to ensure that public servants are
free to exercise their decision-making authority without
interference from the courts."  Valdez v. City of New York, 18
N.Y.3d 69, 76 (2011).  This doctrine is inapplicable when, as
here, the plaintiff alleges not merely the "exercise of reasoned
judgment which could typically produce different acceptable
results," but acts that the defendants intended to be injurious.
Id. at 80.

## II.  Excessive Force

The amended complaint asserts that Vazquez and Hanna used
excessive force against Ortiz.  The defendants move for summary
judgment as to Hanna, but concede that there are material
disputes of fact regarding whether Vazquez used excessive force.

"[L]aw enforcement officers violate the Fourth Amendment if
the amount of force they use is objectively unreasonable in
light of the facts and circumstances confronting them."  Rogoz
v. City of Hartford, 796 F.3d 236, 246 (2d Cir. 2015) (citation
omitted).  A police officer is personally involved in the use of
excessive force if the officer either directly participates in
an assault, or is present and has sufficient time to intervene
and prevent it, but fails to do so.  Figueroa v. Mazza, 825 F.3d
89, 106 (2d Cir. 2016).

In opposition to this motion, plaintiff's counsel relies exclusively on the defendants' testimony that Hanna assisted in placing handcuffs on Ortiz.  Since both officers deny that any assault occurred, this testimony fails to provide evidence from which a jury could infer that Hanna assisted in the assault. Moreover, Ortiz does not argue that Hanna had time to intervene and prevent the assault that he describes.

Ortiz asserts that, without any provocation or warning, Vazquez bent his arm behind his back and violently assaulted him.  He describes a brutal and swift attack that took him by surprise.  Ortiz testified that Hanna did not touch him during the assault.  Because Ortiz has presented no evidence from which a jury could infer either that Hanna participated in the assault or had an opportunity to intervene and prevent it, Hanna is entitled to summary judgment on the excessive force claim.[2]

**III. Negligence and Gross Negligence**

The defendants move for summary judgment on the claims of negligence and gross negligence as to all defendants.  A claim of harm predicated solely on intentional acts may not give rise to a claim of negligence.  United Nat'l Ins. Co. v. Tunnel, Inc., 988 F.2d 351, 353 (2d Cir. 1993).  Although a plaintiff

---

[2] Hanna does not bring a summary judgment motion as to the state law claims for assault and battery asserted in the amended complaint.  If such a motion had been brought, it would have been granted for the reasons stated above.

may allege alternative or inconsistent claims in a pleading pursuant to Rule 8(d), Fed. R. Civ. P., when the conduct alleged, if true, may only give rise to liability for an intentional act, a claim of negligence may be dismissed.  Ortiz describes the defendants as engaging in egregious misconduct, included an unprovoked attack on him.  He describes only wrongful, intentional acts that they took against him. Therefore the defendants' motion to dismiss Ortiz's claims of negligence is granted.

### Conclusion

The defendants' September 9, 2016 motion for summary judgment is granted as to the plaintiff's claims of negligence and claim of excessive force against Hanna.  It is otherwise denied.  The claims that remain for trial are for (1) false arrest/imprisonment in violation of 42 U.S.C. § 1983 and New York law; (2) use of excessive force by Vazquez in violation of 42 U.S.C. § 1983; and (3) assault and battery claims under New York.

Dated:    New York, New York
          November 30, 2016

                              _____
                              DENISE COTE
                         United States District Judge