UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
HECTOR GARCIA ORTIZ,                     :            15cv2206
                                         :
                   Plaintiff,            :            ORDER
        -v-                              :
                                         :
THE CITY OF NEW YORK, POLICE OFFICER     :
EDWIN VAZQUEZ, AND POLICE OFFICER        :    ┌─────────────────────────────┐
STEPHANIE HANNA                          :    │ USDC SDNY                   │
                                         :    │ DOCUMENT                    │
                   Defendants.           :    │ ELECTRONICALLY FILED        │
                                         :    │ DOC #:                      │
---------------------------------------- X    │ DATE FILED: 9-28-17         │
                                              └─────────────────────────────┘

DENISE COTE, District Judge:

        A final pretrial conference in this matter was held on July

7, 2017.   Trial is scheduled for November 6, 2017.   This Order

addresses issues raised in the parties' letter of July 10, 2017.

It is hereby

        ORDERED that the plaintiff and the defendants

(collectively) shall each be given eight hours for their opening

statements and examinations of witnesses, for a total of sixteen

hours.   The time for summations is not included in this

allocation of hours.

        IT IS FURTHER ORDERED that the parties shall submit letter

briefs by October 13 describing the legal standards that they

believe should be applied in addressing the defendants'

application to admit evidence of the plaintiff's intoxication,

as reflected in the medical records attached to the defendants'

letter of July 10, 2017.  The plaintiff's motion in limine of February 10, 2017 is granted to the extent described at the July 7 conference.  No party may describe in opening statements, or question a trial witness about, the plaintiff's intoxication on any occasion other than on June 1, 2014, without obtaining prior approval from the Court.

IT IS FURTHER ORDERED that the plaintiff's request that the defendants be required to stipulate that the NYPD canvassed the area of the June 1 incident for surveillance videos, and were unable to locate any, is denied.

IT IS FURTHER ORDERED that the plaintiff's request for a spoliation charge due to the City's failure to preserve radio transmissions between the defendants and "Central" in which the defendants called for an ambulance is denied.  In December 2015, amendments to the Federal Rules of Civil Procedure became effective, including an amendment to Rule 37(e), Fed. R. Civ. P. The amended rule governs this case pursuant to Rule 86, Fed. R. Civ. P., unless this Court finds that applying the amended rule is infeasible or would work an injustice, which it does not. Under the amended Rule 37(e), which covers sanctions for loss of electronically stored information, including audio recordings, an adverse inference instruction can be given "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation."  Fed. R. Civ. P.

37(e)(2).  Plaintiff does not suggest that such a finding is appropriate.  No other relief is appropriate under Rule 37(e)(1), because that rule requires a finding of prejudice before imposing sanctions.  Here, it is entirely speculative that any substantive communication occurred, much less that anything said would be pertinent to an issue the jury must resolve, including issues of credibility of witnesses. Therefore, no prejudice has been shown.  See generally Byrnie v. Town of Cromwell, 243 F.3d 93, 108 (2d Cir. 2001).

IT IS FURTHER ORDERED that the parties may order daily transcript; the Court will not require them to do so.

IT IS FURTHER ORDERED that counsel shall make every effort to anticipate evidentiary and legal issues that require a ruling from the Court, to discuss them with each other in an effort to resolve the issue, and if a dispute remains, to raise the issue with the Court in a timely manner.  As described in the July 7 conference, the Court shall meet with the parties each trial day (except the first) from 9am to 9:30am to address legal and evidentiary issues.  In addition, the Court will be available during the morning and afternoon recesses, at lunch, and at the

3

conclusion of the trial day.  As a result, every effort should

be made to avoid imposing on the jury by requesting side bars.


Dated:     New York, New York
           September 28, 2017

                                    _____
                                          DENISE COTE
                                    United States District Judge